IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07CV286-03-MU

| | |
|---|---|
| DEMETRIUS MIGUEL WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| OFFICER JOE SEAMAN, OFFICER ) | |
| MARK HERMAN ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed August 14, 2007. (Document No. 1. )

Plaintiff alleges that on or about July 23, 2007 he was assaulted by Officers Joe Seaman Mark Herman.  On that day, Plaintiff alleges that Officer Joe Seaman twisted his right arm and shoved him out of his cell.  Once outside his cell, Officers Seaman and Herman "pick[ed] [him] up by the head and slamming [him] [in]to the concrete face first.  Despite, this alleged "assault" Plaintiff only alleged that he sustained red marks to his wrists due to the tightness of the handcuffs.  (See Grievances attached to Plaintiff's Complaint.)[1]  Other than red wrists, Plaintiff did not allege any further injuries.

The Court construes Plaintiff's claim as an excessive force claim.  When officials are accused of using excessive force, the proper inquiry is "whether force was applied in a good faith effort to

---

[1] The Court also notes that it is clear from the face of Plaintiff's Complaint that he has not exhausted his administrative remedies as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a).

1

Dockets.Justia.com

maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973). In addition, a plaintiff alleging an excessive force claim is also required to allege something more than a de minimus injury. Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994). Plaintiff did not allege any injuries in his Complaint. The only injury Plaintiff mentioned in his grievance form, which was attached to his Complaint, is that his wrists were red as a result of the handcuffs being too tight. Taking all of Plaintiff's allegations as true, the "assault" he describes in his Complaint does not rise to the level of a Constitutional claim because he does not allege anything more than a de minimus injury as is required. Therefore Plaintiff's Complaint is dismissed for failure to state a claim for relief.

**SO ORDERED**.

Signed: August 22, 2007

Graham C. Mullen
United States District Judge